# IN THE SUPREME COURT OF THE STATE OF NEVADA

JOEL BURKETT,
Appellant,
vs.
RENEE BAKER, WARDEN,
Respondent.

No. 72372

**FILED**

MAR 05 2019

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF AFFIRMANCE*

This is an appeal from a district court order dismissing a petition for a writ of mandamus in an inmate litigation matter.[1] Seventh Judicial District Court, White Pine County; Gary Fairman, Judge.

The Nevada Department of Corrections (NDOC) has held appellant Joel Burkett in solitary confinement, known as "segregation," for 23 hours a day for the past 15 years due to various disciplinary and safety concerns. Burkett filed two lawsuits against the NDOC and several prison officials in 2013 and 2014 for lack of due process. He subsequently entered into a settlement agreement in January 2015, where the NDOC agreed to correct its records regarding the calculation of his sentence as well as reimburse Burkett's $350 filing fee. As part of the agreement, Burkett agreed to voluntarily dismiss both lawsuits with prejudice. Burkett also agreed to "forgo[ ] any legal claims relating to the lack of due process and/or

---

[1]Baker requests that we take judicial notice of pending cases in federal court in which Burkett is a plaintiff. No cause appearing, we decline to do so. *Mack v. Estate of Mack*, 125 Nev. 80, 91-92, 206 P.3d 98, 106 (2009) (providing that this court will generally not take judicial notice of facts in a different case unless the moving party establishes a valid reason for doing so).

SUPREME COURT
OF
NEVADA

(O) 1947A

19-09749

any other constitutional violations," against the NDOC "from the inception of his incarceration to the date noted on this Settlement." The agreement further provided that in dismissing his case, Burkett

> completely releases and forever discharges the NDOC and its past, present, or future officers [and] directors . . . of and from any and all liability relating to the disputes and the litigations and any and all past, present or future claims, demands, obligations, actions, causes of action, rights, damages, costs, losses of services, expenses and compensation of any nature, whatsoever, including, but not limited to, any and all claims arising from or relating to issues or claims *arising from the disputes and those claims asserted, or which could have been asserted*, [i]n the litigation.

(Emphasis added.)

A year after the settlement, Burkett filed the underlying petition for a writ of mandamus in district court alleging that respondent Renee Baker, the prison warden, had violated his Eighth Amendment rights by keeping him in prolonged segregation. In the petition, he sought an order removing him from his alleged confinement in administrative segregation. The district court denied Burkett's petition, finding that his prior settlement agreement waived his right to bring the petition and that he did not have a clear right to the relief requested.

Burkett appeals the district court's order, arguing that the settlement agreement does not preclude his writ petition and that he has a clear right to relief on his substantive Eighth Amendment claim.[2]

---

[2]Burkett argues on appeal that the settlement agreement is not enforceable and that it is unconstitutional. However, Burkett failed to raise these arguments in district court and admitted that claims preceding the

SUPREME COURT
OF
NEVADA

(O) 1947A

2

We review a district court's decision to grant or deny a petition for a writ of mandamus for an abuse of discretion. *City of Reno v. Reno Gazette Journal*, 119 Nev. 55, 58, 63 P.3d 1147, 1148 (2003). However, settlement agreements are interpreted according to contract law, and we review contract interpretation de novo. *May v. Anderson*, 121 Nev. 668, 672, 119 P.3d 1254, 1257 (2005).

Burkett argues that the district court erred when it found that the settlement agreement precluded his Eighth Amendment claims because they arose in 2016, after the settlement agreement was entered into. We agree. According to the express language of the agreement, only "claims arising from or relating to issues or claims arising from the disputes and those claims asserted, or which could have been asserted, in the litigation." As such, we conclude that only issues or claims available to Burkett at the time the agreement was entered into are precluded; those claims arising in 2016—occurring or accruing after the agreement was entered into—are not precluded by the settlement agreement.

While we conclude that the district court erred in dismissing Burkett's claims arising after the settlement agreement was entered into, we nonetheless conclude that the district court properly dismissed Burkett's writ petition because he failed to sufficiently challenge the underlying reasons for his placement in segregation. "A writ of mandamus is available to compel the performance of an act that the law requires as a duty or to

---

settlement agreement were barred by the settlement agreement. Therefore, Burkett has waived his challenge to the settlement agreement insofar as it covers claims preceding the date of the parties' agreement. *See Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 172, 252 P.3d 676, 679 (2011) (stating that a point not raised in the district court is deemed to have been waived on appeal).

control an arbitrary or capricious exercise of discretion." *Gumm v. Nev. Dep't of Educ.*, 121 Nev. 371, 375, 113 P.3d 853, 856 (2005). The district court determined, and a review of the record confirms, that Burkett never challenged the underlying reason for his placement in segregation or administratively challenged his classification as a high risk prisoner. Burkett continually declined to appear for reviews of his high risk status and administrative segregation even though he was offered monthly reviews. Burkett has not engaged in the administrative process and has not shown he is entitled any remedy at law. We therefore conclude that the district court did not abuse its discretion in dismissing Burkett's writ petition. *See City of Reno*, 119 Nev. at 58, 63 P.3d at 1148.

Accordingly, we affirm the district court's order dismissing Burkett's petition for a writ of mandamus.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc:     Hon. Gary Fairman, District Judge
        ThinkLaw
        Law Office of Hillary Gaston Walsh
        Attorney General/Las Vegas
        Barbara Buckley
        Snell & Wilmer, LLP
        Anne R. Traum
        White Pine County Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A