VALLEY HEALTH SYSTEM, LLC, DBA CENTENNIAL HILLS HOSPITAL MEDICAL CENTER, A NEVADA LIMITED LIABILITY COMPANY, PETITIONER, *v.* THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; THE HONORABLE JESSIE WALSH, DISTRICT JUDGE; AND THE HONORABLE JACK B. AMES, DISTRICT JUDGE, RESPONDENTS, AND ROXANNE CAGNINA, REAL PARTY IN INTEREST.

No. 56239

May 6, 2011                                    252 P.3d 676

*Hall Prangle & Schoonveld, LLC*, and *David P. Ferrainolo, John F. Bemis*, and *Michael E. Prangle*, Las Vegas, for Petitioner.

*The Law Offices of Neal Hyman* and *Neal K. Hyman*, Henderson, for Real Party in Interest.

Before the Court En Banc.

## OPINION

By the Court, DOUGLAS, C.J.:

In this opinion, we review our rule regarding the waiver of an issue on appeal that is not first raised in the district court. We expand that rule to include the situation where a party fails to raise an issue before the discovery commissioner and, instead, raises the issue for the first time before the district court. Further, we determine the scope of the privilege provided by NRS 439.875.

This is an original petition for a writ of mandamus challenging a district court's order adopting the report and recommendation of the discovery commissioner to grant a motion to compel production of documents. The district court, after a hearing, adopted the discovery commissioner's report and recommendation and ordered petitioner Valley Health System, LLC, d.b.a. Centennial Hills Hospital Medical Center to produce the requested documents.

Valley Health argues that the district court erred in ordering the production of the requested documents. Valley Health contends that its petition for extraordinary relief should be granted because the district court's order allows for discovery of material privileged under NRS 439.875, and Valley Health has no other adequate remedy at law. However, Valley Health failed to raise its privilege argument before the discovery commissioner; instead, Valley Health raised the issue for the first time during the district court hearing.

While writ relief is rarely available with respect to discovery orders, once information is produced, any privilege applicable to that information cannot be restored. Thus, a writ petition is the proper mechanism to seek relief in this instance, and we will consider the petition. Based on the partial holding of this opinion, because Valley Health failed to raise its privilege argument before the discovery commissioner, that argument was waived. However, for the purpose of this opinion and, in this instance only, we elect to entertain Valley Health's privilege argument on its merits. We conclude that the requested discovery is not within the protection of NRS 439.875, and we therefore deny this petition.

## PROCEDURAL HISTORY AND FACTS

In May 2008, real party in interest Roxanne Cagnina arrived at Centennial Hills Hospital for medical treatment after experiencing seizures. During Cagnina's stay at Centennial Hills, she was allegedly sexually assaulted by a member of the hospital staff, Steven Farmer.[1] Subsequent to the alleged assault, Cagnina com-

---

[1]Farmer was a certified nurse's assistant provided to Centennial Hills under a supplemental staffing contract by an outside vendor.

menced the underlying civil action against Valley Health and other defendants.

During discovery, Cagnina sought to have Valley Health produce records of other incidents or complaints of improper conduct by employees, staff, or others, if any.[2] Cagnina requested records not only from Centennial Hills, but also from other hospitals that were under Valley Health's management or control.[3] Valley Health objected to the request.[4] Cagnina filed a motion to compel a response. Valley Health opposed the motion, arguing that the requested discovery was irrelevant and was not reasonably calculated to lead to the discovery of admissible evidence. The motion was heard before a discovery commissioner. The discovery commissioner recommended that Cagnina's motion be granted in part and that Valley Health be ordered to produce documents responsive to the discovery request for the five years preceding the alleged sexual assault.

Valley Health filed an objection to the discovery commissioner's report and recommendation. *See* EDCR 2.34(f). Valley Health again argued that the requested documents were irrelevant to Cagnina's claims and, for the first time, contended that the requested information was privileged under NRS 439.875. The district court affirmed and adopted the discovery commissioner's report and recommendation.

Valley Health now seeks a writ of mandamus directing the district court to modify the discovery commissioner's report and recommendation to provide that Valley Health is not required to respond to the discovery request at issue.

## DISCUSSION

*Whether Valley Health made a showing that writ relief is warranted*

A writ of mandamus is an extraordinary remedy, and whether a petition for extraordinary relief will be considered is solely within

---

[2]Cagnina's discovery request states:

Please produce any and all documents or records related to other incidents or complaints of assaults, batteries or sexual assaults or improper conduct by employees, nurses, nurses['] assistants, doctors, agents, administrators, staff or independent contractors at Centennial Hills Hospital Medical Center or other facility owned, operated or managed by Defendant.

[3]Besides doing business as Centennial Hills, Valley Health owns, operates, or manages four other hospitals in the Las Vegas area.

[4]Valley Health's objection states:

OBJECTION. This Request as drafted is overbroad in that it seeks documents from "Centennial Hills Hospital Medical Center or other facility owned, operated or managed by Defendant[."] Information from other facilities owned by Defendant is irrelevant and production of said documents is not reasonably calculated to lead [to] the discovery of admissible information.

this court's discretion. *Smith v. District Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). "Because mandamus is an extraordinary remedy, a writ will not issue if the petitioner has a plain, speedy and adequate remedy at law." *Millen v. Dist. Ct.*, 122 Nev. 1245, 1250-51, 148 P.3d 694, 698 (2006). The burden is on the petitioner to demonstrate that extraordinary relief is warranted. *Pan v. Dist. Ct.*, 120 Nev. 222, 228, 88 P.3d 840, 844 (2004).

Although we have recognized that a writ of mandamus may be issued to compel the district court to vacate or modify a discovery order, extraordinary writs are generally not available to review discovery orders. *Wardleigh v. District Court*, 111 Nev. 345, 350-51, 891 P.2d 1180, 1183 (1995);[5] *Clark County Liquor v. Clark*, 102 Nev. 654, 659, 730 P.2d 443, 447 (1986); *Clark v. District Court*, 101 Nev. 58, 64, 692 P.2d 512, 516 (1985); *Schlatter v. District Court*, 93 Nev. 189, 193, 561 P.2d 1342, 1344 (1977). However, "there are occasions where, in the absence of writ relief, the resulting prejudice would not only be irreparable, but of a magnitude that could require the imposition of such drastic remedies as dismissal with prejudice or other similar sanctions." *Wardleigh*, 111 Nev. at 351, 891 P.2d at 1184. In general, there have been two main situations where this court has issued a writ to prevent improper discovery: blanket discovery orders with no regard to relevance, and discovery orders compelling disclosure of privileged information. *See Clark County Liquor*, 102 Nev. at 659, 730 P.2d at 447.

Here, Valley Health argues that issuance of a writ is warranted because production of the requested documents would lead to (1) a miscarriage of justice, (2) discovery of irrelevant materials, and (3) discovery of privileged materials. We conclude that the first two arguments offered by Valley Health are without merit.[6] However, in regard to the third argument, if the discovery order re-

---

[5]Although petitioner has moved for a writ of mandamus, we note that this court has stated that a writ of prohibition is a more appropriate remedy for the prevention of improper discovery. *See Wardleigh v. District Court*, 111 Nev. 345, 350, 891 P.2d 1180, 1183 (1995) (reaffirming *State ex rel. Tidvall v. District Court*, 91 Nev. 520, 524, 539 P.2d 456, 458 (1975)).

[6]Miscarriage of justice is defined as "[a] grossly unfair outcome in a judicial proceeding." *Black's Law Dictionary* 1088 (9th ed. 2009). Here, Valley Health did not establish that the discovery order would create a grossly unfair outcome. Although Valley Health argues that requiring it to compile the documents would amount to a miscarriage of justice, the mere fact that a party is required to review a large amount of documents is not, without more, a basis of denying a party's right to conduct discovery in this instance.

Furthermore, we have long held that where the petitioner's claim is only that there is no right of discovery, a writ will not issue because a direct appeal

quires the disclosure of privileged material, there would be no adequate remedy at law that could restore the privileged nature of the information, because once such information is disclosed, it is irretrievable.[7] Therefore, we will consider Valley Health's contention that the requested documents fall within the statutory protection of NRS 439.875(5).

> *Failure to raise an issue presentable to the discovery commissioner constitutes waiver of the issue*

Initially, however, we must consider the fact that although Cagnina's motion to compel was first heard before the discovery commissioner, Valley Health did not raise its privilege argument until the discovery commissioner's report and recommendation was before the district court for approval. This court has held that "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981); *see also Wolff v. Wolff*, 112 Nev. 1355, 1363-64, 929 P.2d 916, 921 (1996). One purpose of this rule is to allow the lower tribunal the first opportunity to decide the issue. *See Oliver v. Barrick Goldstrike Mines*, 111 Nev. 1338, 1344-45, 905 P.2d 168, 173 (1995). We conclude that this principle is equally applicable where, as here, an issue is first heard by the discovery commissioner and then submitted to the district court for approval.

Additionally, consideration of such untimely raised contentions "would unduly undermine the authority of the Magistrate Judge by allowing litigants the option of waiting until a Report is issued to advance additional arguments."[8] *Abu-Nassar v. Elders Futures, Inc.*, No. 88 Civ. 7906 (PKL), 1994 WL 445638, at *4 n.2 (S.D.N.Y. Aug. 17, 1994). A contrary holding would lead to the

---

is an adequate remedy. *Clark County Liquor*, 102 Nev. at 660, 730 P.2d at 447. Therefore, a writ is not appropriate to address Valley Health's argument that the district court's order would lead to the discovery of irrelevant material.

[7]We note that Valley Health's challenge to the discovery order was not perfected pursuant to NRCP 26. Valley Health did not comply with NRCP 26(b)(5), which requires a party claiming privilege to describe the nature of the materials that are allegedly privileged. However, because the parties did not brief this issue, we do not address the effect it has on this writ petition.

[8]In the federal court system, the procedural interaction between a magistrate judge and a district court judge is similar to the interaction between the discovery commissioner and the district court in the instant matter, in that a magistrate judge may be designated to conduct hearings and to submit to a district court judge for approval proposed findings of fact and recommendations. *See U.S. v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000).

inefficient use of judicial resources and allow parties to make an end run around the discovery commissioner by making one set of arguments before the commissioner, waiting until the outcome is determined, then adding or switching to alternative arguments before the district court. All arguments, issues, and evidence should be presented at the first opportunity and not held in reserve to be raised after the commissioner issues his or her recommendation. All objections are to be presented to the commissioner so that he or she may consider all the issues before making a recommendation, so as not to "frustrate the purpose" of having discovery commissioners. *See Greenhow v. Secretary of Health & Human Services*, 863 F.2d 633, 638 (9th Cir. 1988) (holding that "allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory" in the district court would "frustrate the purpose" of having magistrates), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992).

Therefore, we hold that neither this court nor the district court will consider new arguments raised in objection to a discovery commissioner's report and recommendation that could have been raised before the discovery commissioner but were not.

Based on the foregoing, Valley Health's argument against disclosure based on privilege would have been waived. However, for the purposes of this opinion, we elect to consider Valley Health's privilege argument on its merits.

*Whether the requested documents fell within the statutory privilege protections of NRS 439.875(5)*

Although we conclude that Valley Health has waived its NRS 439.875 protection argument, writ relief would not be warranted even if the argument was not waived. NRS 439.875(5) provides that "[t]he proceedings and records of a patient safety committee are subject to the same privilege and protection from discovery as the proceedings and records described in NRS 49.265." NRS 49.265(1) provides that "proceedings and records" of "[o]rganized committees of hospitals" responsible for the "evaluation and improvement of the quality of care" and peer review committees are not subject to discovery.[9]

While we have not previously addressed the scope of the privilege under NRS 439.875(5), given that NRS 439.875(5) explicitly references the privilege in NRS 49.265, we conclude that NRS 439.875(5)'s privilege has the same scope and application as NRS

---

[9]For the purpose of this discussion, "organized committees of hospitals" refer to the patient safety committee.

49.265. We addressed the scope of the privilege under NRS 49.265 in *Columbia/HCA Healthcare v. Dist. Ct.*, 113 Nev. 521, 936 P.2d 844 (1997). In that case, plaintiffs sought occurrence reports arising out of the medical malpractice at issue. *Id.* at 523-24, 936 P.2d at 845-46. Those occurrence reports were reports generated by hospital staff when unusual circumstances occurred during treatment of patients. *Id.* at 524 n.3, 936 P.2d at 846 n.3. The hospital argued that the reports were privileged under NRS 49.265. *Id.* at 524, 936 P.2d at 846. In resolving this issue, we held that the privilege under NRS 49.265 is extremely limited and does not protect occurrence reports from discovery. *Id.* at 531, 936 P.2d at 851. A narrow interpretation of NRS 49.265 was supported by legislative history. *Id.* at 529-31, 936 P.2d at 849-50. Under this narrow interpretation, the reports were not protected because they were not generated by the medical review committee or produced during its review process. *Id.* Such a result was additionally necessary, we held, because a hospital may attempt to immunize itself from discovery by submitting the records and documents to the committee if the privilege is construed to include records and documents not produced by the committee but only submitted to the committee, which is contrary to public policy. *See id.* at 529, 936 P.2d at 849 (citing *Lipschultz v. Superior Court, Etc.*, 623 P.2d 805, 808 (Ariz. 1981); *May v. Wood River Tp. Hosp.*, 629 N.E.2d 170, 174 (Ill. App. Ct. 1994)).

We find the rationale stated in *Columbia/HCA* to be equally applicable to NRS 439.875. Therefore, we hold that NRS 439.875(5)'s privilege only applies to protect internal documents and records of the patient safety committee from discovery. As Cagnina is not seeking documents and records of the patient safety committee, the information she seeks is not privileged.

Based on the foregoing, we deny the petition for a writ of mandamus.[10]

CHERRY, SAITTA, GIBBONS, PICKERING, HARDESTY, and PARRAGUIRRE, JJ., concur.

---

[10]Although we conclude that the discovery Cagnina was seeking was not protected by NRS 439.875(5)'s privilege, we note that the parties should focus on discovery related to sexual misconduct. We note that the discovery request on its face was very broad; however, disputes as to the scope of discovery and to the discovery request are to be resolved pursuant to NRCP 26. Furthermore, although Cagnina originally raised this issue, she conceded at oral argument that the district court's discovery order and the discovery request were not intended to require Valley Health to interview all past and present employees or agents. Cagnina agreed that discovery was sought for past records of similar incidents, such as patient abuse, and that she was not seeking anything that was produced by the patient safety committee. Our holding is based on these representations.