An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

TUTOR PERINI BUILDING CORP. AND TUTOR PERINI CORPORATION,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK AND THE HONORABLE ELIZABETH GOFF GONZALEZ, DISTRICT JUDGE,
Respondents,
and
MGM MIRAGE DESIGN GROUP, A NEVADA CORPORATION; CITYCENTER LAND, LLC, A NEVADA LIMITED LIABILITY COMPANY; CITYCENTER HARMON HOTEL HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY; CITYCENTER VDARA DEVELOPMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; CITYCENTER VDARA CONDO HOTEL HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY; THE CRYSTALS AT CITYCENTER, LLC, A NEVADA LIMITED LIABILITY COMPANY; CITYCENTER VEER TOWERS DEVELOPMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY; ARIA RESORT & CASINO HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY; CITYCENTER BOUTIQUE HOTEL HOLDINGS, LLC, A NEVADA LIMITED LIABILITY COMPANY; AND CITYCENTER BOUTIQUE RESIDENTIAL DEVELOPMENT, LLC, A NEVADA LIMITED LIABILITY COMPANY,
Real Parties in Interest.

No. 61863

FILED

JUL 08 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

SUPREME COURT
OF
NEVADA

(O) 1947A

13-19823

## *ORDER DENYING PETITION FOR EXTRAORDINARY WRIT RELIEF*

This original petition for extraordinary writ relief challenges a district court order finding that certain documents withheld by real parties in interest in the underlying action were protected from discovery by the work-product doctrine set forth in NRCP 26(b)(3).

### *BACKGROUND*

This petition arises out of complex litigation related to a multi-billion dollar construction project in Las Vegas. As part of the discovery process, petitioners asked for disclosure of all communications and documents related to the subject of the litigation held by two public relations firms that had been hired to assist real parties in interest and their attorneys in connection with the dispute between the parties. Real parties in interest objected to this request and subsequently moved the district court to quash the subpoenas issued by petitioners for this purpose, asserting generally that all such information was protected by the attorney-client privilege and the work-product doctrine. The district court denied real parties in interest's motions to quash the subpoenas, but indicated that it would consider any specific objections submitted by real parties in interest along with a proper privilege log.

Rather than submit a privilege log to the district court, real parties in interest filed a petition for a writ of prohibition in this court challenging the district court's ruling. Upon consideration of the petition, this court directed real parties in interest to submit a privilege log to the district court, along with any challenged materials for the district court's in camera review. Real parties in interest then submitted numerous documents to the district court in camera along with the privilege log.

After reviewing each of the documents, the district court concluded that none of them were protected by the attorney-client privilege, but that a substantial portion were covered by the work-product doctrine. The district court then ordered production of all documents that it had concluded were not protected by the work-product doctrine.

Following the entry of the district court's order, real parties in interest initially filed a supplement to their writ petition arguing that the district court should have found that all of the documents were protected by both the attorney-client privilege and the work-product doctrine. In response, petitioners argued that, to the extent that the district court's order concluded that *any* of the documents were protected, it was erroneous. Thus, petitioners included in their answer a request that this court issue a writ requiring the district court to modify its order to conclude that none of the disputed documents were protected from discovery. Thereafter, real parties in interest sought to voluntarily dismiss their writ petition, but petitioners opposed dismissal in light of the request for affirmative relief included in their answer. This court granted the motion in part, dismissing the petition as to real parties in interest's request for relief, but allowing it to go forward as petitioners' writ petition challenging the conclusion that certain documents were protected by the work-product doctrine.

## DISCUSSION

In challenging the district court's ruling, petitioners argue that this court's intervention by way of writ relief is appropriate because

this case presents an important issue of law that needs clarification with regard to the application of the work-product doctrine. In conjunction with this argument, petitioners contend that the district court's order endangers their fundamental right to a fair trial. Real parties in interest disagree, asserting that writ relief is not warranted to address the district court's conclusion that certain documents were entitled to work-product protection.

This court has previously explained that writ relief is generally not available to review discovery orders. *Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 252 P.3d 676, 678 (2011). Nevertheless, this court has recognized that "'there are occasions where, in the absence of writ relief, the resulting prejudice would not only be irreparable, but of a magnitude that could require the imposition of such drastic remedies as dismissal with prejudice or other similar sanctions.'" *Id.* at ___, 252 P.3d at 678-79 (quoting *Wardleigh v. Second Judicial Dist. Court*, 111 Nev. 345, 351, 891 P.2d 1180, 1184 (1995)). In light of these principles, this court has primarily exercised its discretion to grant writ relief addressing improper discovery orders in only two situations—when the discovery order compels disclosure of privileged information or when the district court has issued a blanket discovery order with no regard to relevance. *Valley Health Sys.*, 127 Nev. at ___, 252 P.3d at 679.

An examination of the issues presented in this matter reveals that neither of the conditions in which extraordinary relief may be

appropriate to address a district court discovery order are present here. While real parties in interest initially challenged the district court's discovery rulings on the basis that the court's order required the disclosure of privileged information, they have withdrawn their challenge to that ruling. Thus, all that remains for this court's review is petitioners' request for relief regarding the district court's determination that certain requested documents are protected by the work-product doctrine and are therefore not discoverable. While writ relief may be warranted to address the compelled disclosure of privileged information, which cannot be undone once the material at issue has been disclosed, *see id.* at ___, 252 P.3d at 679, when the challenged ruling protects, rather than compels, disclosure of disputed documents, the situation presented is not of an equivalent urgency such that an appeal will not provide an effective remedy to determine whether information that the district court ordered protected should have been subject to discovery. Indeed, exercising our discretion to consider writ petitions in such situations would be akin to permitting piecemeal litigation through interlocutory appeals, which this court has similarly declined to do. *Cf. Bally's Grand Hotel & Casino v. Reeves*, 112 Nev. 1487, 1488, 929 P.2d 936, 937 (1996) (indicating that avoiding piecemeal appellate review promotes judicial economy).

Because neither party argues that the discovery order compels disclosure of privileged information or is a blanket discovery order, and because petitioners have not otherwise demonstrated that any potential harm created by the order would be irreparable or of such a magnitude as to require extraordinary writ relief, we conclude that our intervention in

this discovery matter is not warranted. *Valley Health Sys.*, 127 Nev. at ___, 252 P.3d at 678-79.[1]

Accordingly, we

ORDER the petition DENIED.[2]

_____, J.
Gibbons

_____, J.         _____, J.
Hardesty                             Douglas

_____, J.         _____, J.
Cherry                               Saitta

---

[1]While the discussion set forth in this order arguably would have been appropriate for a published opinion, in light of the 2014 trial date of the underlying matter, we are concerned that resolving this matter by opinion could delay its resolution and potentially interfere with the trial date. For this reason, we conclude that resolution by order is appropriate in this instance.

[2]The Honorable Kristina Pickering, Chief Justice, and the Honorable Ron D. Parraguirre, Justice, voluntarily recused themselves from participation in the decision of this matter.

In light of this order, we vacate the partial stay entered by this court's October 15, 2012, order.

cc:    Hon. Elizabeth Goff Gonzalez, District Judge
McDonald Carano Wilson LLP/Las Vegas
McDonald Carano Wilson LLP/Reno
Martin & Allison, Ltd.
Jones Day/San Francisco
Robertson & Associates, LLP
Greenberg Traurig, LLP/Las Vegas
Kemp, Jones & Coulthard, LLP
Eighth District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A