An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

## IN THE SUPREME COURT OF THE STATE OF NEVADA

MGM MIRAGE DESIGN GROUP, A NEVADA
CORPORATION; CITYCENTER LAND, LLC, A
NEVADA LIMITED LIABILITY COMPANY;
CITYCENTER HARMON HOTEL HOLDINGS,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; CITYCENTER VDARA
DEVELOPMENT, LLC, A NEVADA LIMITED
LIABILITY COMPANY; CITYCENTER VDARA
CONDO HOTEL HOLDINGS, LLC, A NEVADA
LIMITED LIABILITY COMPANY; THE
CRYSTALS AT CITYCENTER, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
CITYCENTER VEER TOWERS
DEVELOPMENT, LLC, A NEVADA LIMITED
LIABILITY COMPANY; ARIA RESORT &
CASINO HOLDINGS, LLC, A NEVADA
LIMITED LIABILITY COMPANY;
CITYCENTER BOUTIQUE HOTEL HOLDINGS,
LLC, A NEVADA LIMITED LIABILITY
COMPANY; AND CITYCENTER BOUTIQUE
RESIDENTIAL DEVELOPMENT, LLC, A
NEVADA LIMITED LIABILITY COMPANY,
Petitioners,
vs.
THE EIGHTH JUDICIAL DISTRICT COURT OF
THE STATE OF NEVADA, IN AND FOR THE
COUNTY OF CLARK; AND THE HONORABLE
ELIZABETH GOFF GONZALEZ, DISTRICT
JUDGE,
Respondents,
and
PERINI BUILDING COMPANY, INC., AN
ARIZONA CORPORATION; PACIFIC COAST
STEEL; CENTURY STEEL, INC.; THE
CONVERSE PROFESSIONAL GROUP D/B/A
CONVERSE CONSULTANTS; AND CECO
CONCRETE CONSTRUCTION,
Real Parties in Interest.

No. 61977

FILED

JUL 08 2013

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

13-19799

## ORDER DENYING PETITION
## FOR WRIT OF MANDAMUS OR PROHIBITION

This is an original petition for a writ of mandamus or prohibition challenging a district court order excluding expert extrapolation testimony and a district court order conditionally granting further destructive testing.

After this petition was filed, the district court entered an order on April 2, 2013, that vacated portions of the order conditionally granting petitioners' request to conduct further destructive testing. Specifically, in its April 2 order, the district court permitted petitioners to begin additional destructive testing and vacated the portions of its October 29, 2013, order that severed the trial on the construction defect claims from the trial on the breach of contract and lien claims.[1]

The April 2 district court order, however, necessarily changes the issues before this court in this petition. In particular, because the district court has allowed for additional testing, the status of the admissibility of extrapolation testimony at trial is uncertain at this stage. In light of the tenuous status of the district court's prior ruling on the extrapolation testimony, it is inappropriate for this court to exercise its discretion to intervene by way of extraordinary writ relief, and it therefore appears that the only issue remaining for this court's review is the district

---

[1]On June 5, 2013, petitioners filed a motion for leave to file a clarification of the current status of the district court's October 5, 2010, extrapolation order addressed by the writ petition. Real parties in interest Perini Building Company, Inc., Pacific Coast Steel, Century Steel, Inc., and Ceco Concrete Construction have filed an opposition to that motion. Having considered the motion, we grant it and direct the clerk of this court to detach the clarification from the motion and file the clarification.

court's imposition of costs. Indeed, when asked at oral argument whether the district court's order modifying the conditional order and allowing for additional destructive testing changes this court's review, the parties conceded that the district court's April order reduced this court's review in this petition to the costs associated with those tests.[2]

It is within this court's sole discretion to determine if a writ petition will be considered. *Smith v. Eighth Judicial Dist. Court*, 107 Nev. 674, 677, 818 P.2d 849, 851 (1991). With few exceptions, this court generally will not consider a writ petition challenging a district court's determination regarding the admissibility of evidence. *See Williams v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 262 P.3d 360, 364-65 (2001) (providing that this court will only consider a district court's determination regarding the admission of evidence in a writ petition when public policy is served by that consideration because the petition raises an important issue of law needing clarification or when the petition raises an issue of first impression that is of public importance); *see also Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. ___, ___, 252 P.3d 676, 679 (2011) (providing that this court will typically only grant extraordinary relief to prevent improper discovery in two situations—when the district court has issued a blanket discovery order with no regard to relevance or when the discovery order compels disclosure of privileged information).

---

[2]Petitioners also assert that real parties in interest's experts have recently raised concerns about the structural integrity of the Harmon Tower, but the parties acknowledge that that issue and the district court's decision to vacate an earlier order regarding the demolition of the Harmon Tower are not before this court.

Since the admissibility of extrapolation evidence is, at this point, unclear, the only remaining issue in the writ petition for this court's consideration is the imposition of costs associated with petitioners' need to conduct additional destructive testing. That issue does not present an issue of first impression or matter of public policy that may not be challenged on appeal, and thus, our intervention by way of extraordinary writ relief is not warranted. *See Int'l Game Tech., Inc. v. Second Judicial Dist. Court*, 124 Nev. 193, 197, 179 P.3d 556, 558 (2008) (explaining that an appeal is typically an adequate legal remedy precluding writ relief); *see also* NRS 34.170; NRS 34.330. Accordingly, we

ORDER the petition DENIED.[3]

_____, J.
Gibbons

_____, J.
Hardesty

_____, J.
Douglas

_____, J.
Cherry

_____, J.
Saitta

---

[3]The Honorable Kristina Pickering, Chief Justice, and the Honorable Ron D. Parraguirre, Justice, voluntarily recused themselves from participation in the decision of this matter.

SUPREME COURT
OF
NEVADA

(O) 1947A

cc: Hon. Elizabeth Goff Gonzalez, District Judge
Glaser Weil Fink Jacobs Howard Avchen & Shapiro, LLC
Greenberg Traurig, LLP/Las Vegas
Jones Day/San Francisco
Robertson & Associates, LLP
Lee, Hernandez, Landrum, Garofalo & Blake, APC
Michael E. Kostrinsky
Hutchison & Steffen, LLC
Koeller Nebeker Carlson & Haluck, LLP/Las Vegas
Wilson, Elser, Moskowitz, Edelman & Dicker, LLP/Las Vegas
Meyers McConnell
McDonald Carano Wilson LLP/Las Vegas
Procopio, Cory, Hargreaves & Savitch, LLP
Gordon & Rees, LLP
Martin & Allison, Ltd.
Ryan Mercaldo, LLP
Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP
Eighth District Court Clerk