131 Nev., Advance Opinion 83

# IN THE SUPREME COURT OF THE STATE OF NEVADA

KAZUO OKADA,
Petitioner,
vs.
THE EIGHTH JUDICIAL DISTRICT
COURT OF THE STATE OF NEVADA,
IN AND FOR THE COUNTY OF CLARK;
AND THE HONORABLE ELIZABETH
GOFF GONZALEZ, DISTRICT JUDGE,
Respondents,
and
WYNN RESORTS LIMITED, A NEVADA
CORPORATION; ELAINE WYNN; AND
STEPHEN WYNN,
Real Parties in Interest.

No. 68310



FILED

OCT 15 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Original petition for a writ of prohibition or mandamus challenging a district court order denying a motion for a protective order.

*Petition denied.*

Holland & Hart, LLP, and J. Stephen Peek, Bryce K. Kunimoto, Robert J. Cassity, and Brian G. Anderson, Las Vegas; BuckleySandler, LLP, and David S. Krakoff, Benjamin B. Klubes, Joseph J. Reilly, and Adam Miller, Washington, D.C.,
for Petitioner.

Pisanelli Bice, PLLC, and Todd L. Bice, James J. Pisanelli, and Debra L. Spinelli, Las Vegas; Wachtell, Lipton, Rosen & Katz and Paul K. Rowe and Bradley R. Wilson, New York, New York; Glaser Weil Fink Howard Avchen & Shapiro, LLC, and Robert L. Shapiro, Los Angeles, California,
for Real Party in Interest Wynn Resorts Limited.

15-31345

Jolley Urga Woodbury & Little and William R. Urga and David J. Malley, Las Vegas; Munger, Tolles & Olson, LLP, and Ronald L. Olson, Mark B. Helm, Jeffrey Y. Wu, and Soraya C. Kelly, Los Angeles, California,
for Real Party in Interest Elaine P. Wynn.

Campbell & Williams and Donald J. Campbell and J. Colby Williams, Las Vegas,
for Real Party in Interest Stephen A. Wynn.

---

BEFORE THE COURT EN BANC.[1]

## OPINION

By the Court, HARDESTY, C.J.:

This writ petition arises from litigation between plaintiff Wynn Resorts and a former member of its board of directors, defendant Kazuo Okada. Wynn Resorts noticed Okada's deposition for ten days in Las Vegas even though Okada resides in Hong Kong and owns businesses in Tokyo, Japan. Okada filed a motion for a protective order, requesting that his deposition be taken in Tokyo or, alternatively, Hong Kong, and that it be shortened to three days. The district court denied his motion, and Okada filed this writ petition, contending that the district court ignored a common-law presumption that his deposition should take place

---

[1]The Honorable James E. Wilson, Jr., District Judge in the First Judicial District Court, and The Honorable Steve L. Dobrescu, District Judge in the Seventh Judicial District Court, were designated by the Governor to sit in place of The Honorable Ron Parraguirre, Justice, and The Honorable Kristina Pickering, Justice, who voluntarily recused themselves from participation in the decision of this matter. Nev. Const. art. 6, § 4(2).

where he resides and that the district court ignored NRCP 30(d)(1)'s presumption that depositions should be limited to one day.

While we elect to entertain this writ petition because it presents important issues of law that need clarification, we nevertheless deny Okada's request for writ relief. As for the deposition's location, we agree with the district court's rejection of Okada's argument regarding the common-law presumption and conclude that the district court was within its discretion in determining that Okada failed to demonstrate good cause for having his deposition moved to a location other than Las Vegas. As for the deposition's duration, we conclude that the district court properly exercised its discretion in departing from NRCP 30(d)(1)'s presumptive one-day time frame and adopting Wynn Resorts' ten-day proposal.

## FACTS

Kazuo Okada is a Japanese citizen who lives in Hong Kong and is a former member of Wynn Resorts' board of directors. Okada is also the president, secretary, and treasurer of Aruze USA, a financial holding company with its principal place of business in Tokyo. Aruze, which is a wholly owned subsidiary of Universal Entertainment Corporation, a Japanese corporation, owns 20 percent of Wynn Resorts' stock.

In 2010, Wynn Resorts began an investigation to determine whether Okada was engaged in business dealings in the Philippines that might render him an "Unsuitable Person" to be on Wynn Resorts' board of directors, which, if demonstrated, would jeopardize Wynn Resorts' entitlement to certain gaming licenses. Contemporaneous with Wynn Resorts' investigation, Okada filed suit against Wynn Resorts in Nevada state court in which he sought an order compelling Wynn Resorts to produce certain corporate documents. As part of that lawsuit, which the parties refer to as the "Books and Records" case, and which was randomly

assigned to the same district court judge presiding over the underlying matter, Okada traveled to Las Vegas to be deposed. By all accounts, Okada's deposition in the Books and Records case was fraught with difficulties, based in large part on the need to translate each deposition question into Japanese and each of Okada's answers into English, the presence of a second translator to verify the accuracy of the first translator's translation, and what Wynn Resorts characterizes as "obstructionist behavior" on the part of Okada's attorneys.

It is unclear how or if the Books and Records litigation was resolved, but by 2012, the investigation into Okada's business dealings had led Wynn Resorts' board of directors to conclude that Okada was indeed an "Unsuitable Person." According to Wynn Resorts' interpretation of its articles of incorporation, this status authorized Wynn Resorts to redeem the stock shares that Okada (through Aruze and Universal) owns. Consequently, Wynn Resorts' board voted to redeem all of Okada's stock and issued him a promissory note with a value of just under $2 billion.

When Okada refused Wynn Resorts' tender, Wynn Resorts instituted the underlying action against Okada, Aruze, and Universal in which Wynn Resorts asked for, among other things, a declaration that it had complied with its articles of incorporation in deeming Okada an "Unsuitable Person" and in forcing the redemption of his Wynn Resorts stock shares. Aruze and Universal filed counterclaims seeking, among other things, the opposite declaratory relief. Aruze also asserted claims against individual members of Wynn Resorts' board of directors, including real parties in interest Stephen Wynn and Elaine Wynn, who, in turn, asserted counterclaims against Aruze.

 

As part of the discovery process, Wynn Resorts filed a notice of deposition of Okada, which scheduled Okada's deposition in Las Vegas over the course of ten days. Okada moved for a protective order, challenging both the location and duration of the deposition. He asserted that as a defendant, his deposition should presumptively be conducted where he resides (Hong Kong) or at his codefendant companies' places of business (Tokyo) and that the deposition should not exceed three days.

At a hearing on Okada's motion, Okada attempted to convince the district court that federal courts apply a "presumption" in favor of holding a defendant's deposition where the defendant resides or, in the case of a corporate representative being deposed, where the corporation has its principal place of business. In response, the district court expressed doubt, stating, "Where do you get that? Where do you get this presumption? Because it's not how it is in Nevada State Court." Later on, the district court indicated that it "might order [the parties] to go to Tokyo under certain circumstances, but this probably isn't one of them."

As for the duration of the deposition, Okada argued that a ten-day deposition was excessive, pointing out that NRCP 30(d)(1) presumptively limits a deposition "to 1 day of 7 hours." Okada conceded that in light of the case's factual complexities, and given the need for translators, a one-day deposition would not allow sufficient time. Consequently, Okada offered to stipulate to a three-day deposition, evidently based on the premise that the case's complexities would justify an additional day and that the need for translators would justify another additional day. In response, the district court judge observed, the "[o]ne day rule hasn't applied in my court since it passed. I've suspended it in every case." The district court then proceeded to discuss with the parties

whether Okada's three-day proposal was feasible in light of the problems in the previous deposition in the Books and Records case. Finding that three days would be insufficient, the district court indicated that the ten-day deposition in Las Vegas should proceed as scheduled but that Okada could seek to shorten it if he believed that Wynn Resorts was prolonging the deposition simply to harass him. The district court also indicated that one of the ten days should be allocated to Elaine Wynn so that she could depose Okada with respect to her claims.

The district court entered a written order denying Okada's motion, and Okada filed this petition for a writ of prohibition or mandamus, asking that this court direct the district court to "resolve [his] Motion based on the correct legal standards." This court stayed Okada's deposition pending our resolution of his petition.[2]

## DISCUSSION

Under certain circumstances, "a writ of mandamus may be issued to compel the district court to vacate or modify a discovery order."[3] *Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 171, 252 P.3d 676, 678 (2011). Generally, "[d]iscovery matters are within the district court's sound discretion, and we will not disturb a district court's ruling regarding discovery unless the court has clearly abused its discretion." *Club Vista Fin. Servs., LLC v. Eighth Judicial Dist. Court*,

---

[2]Following oral argument in this matter, this court entered an order denying Okada's writ petition, lifting the stay, and indicating that this opinion would follow.

[3]Although "a writ of prohibition is a more appropriate remedy for the prevention of improper discovery," *Valley Health*, 127 Nev. at 171 n.5, 252 P.3d at 678 n.5, Okada is not seeking to prevent improper discovery but only to restrict the location and duration of that discovery.

128 Nev., Adv. Op. 21, 276 P.3d 246, 249 (2012); *see Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) ("A district court has wide discretion to establish the time and place of depositions."). "[W]e generally will not exercise our discretion to review discovery orders through [writ petitions], unless the challenged discovery order is one that is likely to cause irreparable harm, such as [(1)] a blanket discovery order, issued without regard to the relevance of the information sought, or [(2)] an order that requires disclosure of privileged information." *Club Vista*, 128 Nev., Adv. Op. 21, 276 P.3d at 249. "Nevertheless, in certain cases, consideration of a writ petition raising a discovery issue may be appropriate if an important issue of law needs clarification and public policy is served by this court's invocation of its original jurisdiction." *Las Vegas Sands Corp. v. Eighth Judicial Dist. Court*, 130 Nev., Adv. Op. 61, 331 P.3d 876, 878-79 (2014) (internal quotation omitted).

Here, although the challenged order does not fall within either of this court's two presumptive categories for considering a discovery-related writ petition, we exercise our discretion to consider Okada's petition because it raises important issues of law that need clarification. *Id.* Namely, although Okada asks this court to direct the district court to resolve his motion for a protective order "based on the correct legal standards," this court has not previously considered what those standards are. Additionally, while the district court's ultimate decision in this matter is supported by the record as explained herein, we note that district courts should make specific findings on the record when ruling on motions implicating the issues addressed in this opinion. *See Lioce v. Cohen*, 124 Nev. 1, 19-20, 174 P.3d 970, 982 (2008) (recognizing that specific findings promote meaningful review of a lower court's

discretionary ruling). Accordingly, this opinion sets forth basic frameworks for district courts to use in addressing issues regarding the location and duration of depositions of parties.[4]

*Deposition location*

NRCP 30 governs generally the taking of depositions, but the rule does not set forth any restrictions as to where the deposition must take place. *See* NRCP 30(a)(1) ("A party may take the testimony of any person, including a party, by deposition upon oral examination . . . ."); NRCP 30(b)(1) ("The notice shall state the time and place for taking the deposition and the name and address of each person to be examined . . . ."). Although the absence of any location-based restrictions suggests that "the examining party may set the place for the deposition of another party wherever he or she wishes," 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, *Federal Practice and Procedure* § 2112 (3d ed. 2010), the examining party's wishes are "subject to the power of the court to grant a protective order." *Id.* Protective orders, in turn, are governed by NRCP 26(c)(2), which permits a district court, "for good cause shown," to "protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense" by ordering that a deposition "may be had only on specified terms and conditions, including a designation of the time or place."

---

[4]Because Okada is a party, we do not address the application of NRCP 30 to a nonparty.

Thus, NRCP 26(c)'s language indicates that the deponent must show "good cause" for not being required to travel to the deposition location. *Cf. Cadent Ltd. v. 3M Unitek Corp.*, 232 F.R.D. 625, 629 (C.D. Cal. 2005) (recognizing that FRCP 26(c), which is the analog to NRCP 26(c), requires the party seeking the protective order to establish "good cause"). Nonetheless, courts have recognized that a "general rule" has evolved, independent of Rule 26(c), under which the deposition of a defendant takes place where the defendant resides or, in the case of a corporate defendant's Rule 30(b)(6) representative, where the corporation has its principal place of business.[5] *See New Medium Techs. LLC v. Barco*

---

[5]Courts describe this general rule as having evolved from the principle that, "in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located." *Farquhar v. Shelden*, 116 F.R.D. 70, 72 (E.D. Mich. 1987) (citing *Salter v. Upjohn Co.*, 593 F.2d 649, 671 (5th Cir. 1979)). Notably, this general rule does not apply when it is the plaintiff who is seeking to avoid being deposed in the forum where he or she has instituted the underlying action, the reason being that the plaintiff picked the forum and should not be heard to complain about the inconvenience of being deposed there. *See, e.g., O'Sullivan v. Rivera*, 229 F.R.D. 187, 189 (D. N.M. 2004); *Farquhar*, 116 F.R.D. at 72; *Petersen v. Petersen*, No. 14-1516, 2014 WL 6774293, at *1 (E.D. La. Dec. 2, 2014).

In this respect, we note that a defendant who files a compulsory counterclaim is treated as a defendant, whereas a defendant who files a permissive counterclaim is treated as a plaintiff. *See, e.g., Wis. Real Estate Inv. Tr. v. Weinstein*, 530 F. Supp. 1249, 1253 (E.D. Wis. 1982); *Zuckert v. Berkliff Corp.*, 96 F.R.D. 161, 162 (N.D. Ill. 1982); *Pinkham v. Paul*, 91 F.R.D. 613, 615 (D. Me. 1981). Here, although Okada did not assert any counterclaims against Wynn Resorts, Aruze and Universal did. But Wynn Resorts only noticed Okada's deposition personally, not in his capacity as Aruze's or Universal's NRCP 30(b)(6) representative. As a result, we need not consider whether Okada must testify in Clark County because of the counterclaims asserted by Aruze or Universal.

*N.V.*, 242 F.R.D. 460, 466 (N.D. Ill. 2007) (summarizing cases and recognizing this general rule).

Based on this general rule, Okada contends that a "presumption" exists in favor of holding a defendant's deposition where he resides or where the corporation has its principal place of business and that it is the plaintiff's burden to demonstrate why the deposition should be held elsewhere. *See Culver v. Wilson*, No. 3:14-CV-660-CRS-CHL, 2015 WL 1737779, at *3 (W.D. Ky. April 16, 2015) (observing that the "general rule[ ] create[s] a presumption that there is good cause [under Rule 26(c)] for a protective order when a deposition is noticed for a location other than the defendant's place of residence" (internal quotation omitted)); *see also In re Outsidewall Tire Litig.*, 267 F.R.D. 466, 471-73 (E.D. Va. 2010) (recognizing the existence of a presumption); *Six W. Retail Acquisition, Inc. v. Sony Theatre Mgmt. Corp.*, 203 F.R.D. 98, 107 (S.D.N.Y. 2001) (same). We agree with the district court's rejection of Okada's presumption argument, as it runs counter to the language in NRCP 26(c), which requires the person seeking a protective order from the district court to establish "good cause" for obtaining that protection. Thus, the district court in this case properly declined to place an affirmative burden on Wynn Resorts to justify why Okada's deposition should be taken in Las Vegas.

This is not to say, however, that we disavow the general rule altogether, as the defendant's residence or corporation's principal place of business factors into several of the considerations that district courts should evaluate when addressing a defendant's motion for a protective order regarding the location of a deposition. *See* 7 James Wm. Moore et al., *Moore's Federal Practice* § 30.20(1)(b)(ii) (3d ed. 2015) (recognizing that

the "presumptions as to where the deposition should take place are merely decisional rules that facilitate the determination when other relevant factors do not favor one side over the other"). In this respect, we endorse the approach taken by courts that consider the three factors of "cost, convenience and litigation efficiency" in determining whether a protective order is warranted to change the location of a defendant's deposition. *See, e.g., Buzzeo v. Bd. of Educ., Hempstead*, 178 F.R.D. 390, 393 (E.D.N.Y. 1998) ("[T]he general 'good cause' standard of Rule 26(c) of the Federal Rules of Civil Procedure—as shown through an analysis of cost, convenience and litigation efficiency—is the appropriate standard under which to evaluate the motion [for a protective order]."); *Mill-Run Tours, Inc. v. Khashoggi*, 124 F.R.D. 547, 550-51 (S.D.N.Y. 1989) (considering these three factors in ruling on a motion for a protective order); *Harrier Techs., Inc. v. CPA Glob. Ltd.*, No. 3:12CV167 (WWE), 2014 WL 4537458, at *3 (D. Conn. Sept. 11, 2014) (same); *Scooter Store, Inc. v. Spinlife.com, LLC*, No. 2:10-cv-18, 2011 WL 2118765, at *2-4 (S.D. Ohio May 25, 2011) (same).

Similarly, we endorse the approach taken by courts that consider the following five factors:

> (1) the location of counsel for the parties in the forum district; (2) the number of corporate representatives a party is seeking to depose; (3) the likelihood of significant discovery disputes arising, which would necessitate resolution by the forum court; (4) whether the persons sought to be deposed often engage in travel for business purposes; and (5) the equities with regard to the nature of the claim and the parties' relationship.

7 Moore, *supra*, § 30.20(1)(b)(ii) (setting forth factors and compiling cases that have applied those factors). While we note that the five-factor inquiry appears better suited to analyzing an NRCP 30(b)(6) deposition than that of an individual defendant, we emphasize that both the three-factor inquiry and the five-factor inquiry provide a nonexhaustive list of factors that are to be considered regarding the location of a defendant's deposition, and that district courts have wide discretion in resolving disputes relating to the location of a deposition.[6] *See Club Vista*, 128 Nev., Adv. Op. 21, 276 P.3d at 249 ("Discovery matters are within the district court's sound discretion . . . ."); *see also Hyde & Drath*, 24 F.3d at 1166 ("A district court has wide discretion to establish the time and place of depositions."). These factors take into consideration the defendant's residence or principal place of business, but they also provide a broader scope of analysis than a general rule favoring deposing the defendant where he or she resides. Additionally, as opposed to a general rule that puts the burden on the party seeking discovery, these factors are more in line with NRCP 30(a), which does not express a preference for the location of a deposition, and NRCP 26(c), which permits a court to enter a protective order designating the time and place of a deposition when the party whose deposition has been noticed shows good cause for the court to do so.

---

[6]For instance, although it was not raised as an issue in this case, some courts have resolved such disputes by requiring the nontraveling party to pay the expenses of the traveling party. *See New Medium*, 242 F.R.D. at 468-69; 8A Wright & Miller, *supra*, § 2112 (noting that this may be an effective means of resolving such disputes).

In this case, the record demonstrates that these factors influenced the district court's decision-making process. For instance, the district court's comment that it "might order [the parties] to go to Tokyo under certain circumstances, but this probably isn't one of them," was preceded by a comment from Wynn Resorts' attorney regarding the cost, convenience, and efficiency of requiring translators, videographers, and both parties' Las Vegas-based attorneys to travel to Tokyo instead of requiring only Okada to travel to Las Vegas. Similarly, the district court recognized the potential for discovery disputes to arise based upon the "obstructionist behavior" by Okada's attorneys in his Books and Records deposition and the logistical difficulties inherent in resolving those disputes if the parties and the district court were separated by a 16-hour time difference. Moreover, the district court pointed out that the equities favored Wynn Resorts, as Okada was capable of traveling to Las Vegas for his Books and Records deposition when he was seeking affirmative relief from a Nevada court, and no evidence clearly demonstrated that he would be prejudiced by having to do so again.

Thus, although the district court did not make specific findings in its order, the record demonstrates that the relevant factors were implicated in the district court's determination that Okada did not establish good cause to justify his deposition being held somewhere other than Las Vegas. We therefore perceive no abuse of discretion in the district court's decision to deny Okada's motion for a protective order, and we deny Okada's request for writ relief with respect to the location of his deposition.

*Deposition duration*

NRCP 30(d)(1) provides that "[u]nless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours." The rule also provides that "[t]he court or discovery commissioner must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes or delays the examination." NRCP 26(b)(2), in turn, sets forth three general considerations that district courts should take into account in determining whether the length of a deposition should exceed NRCP 30(d)(1)'s presumptive one-day time frame: (1) whether the discovery being "sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive"; (2) whether the party seeking the discovery has already had an "ample opportunity . . . to obtain the information sought"; and (3) whether the discovery being sought "is unduly burdensome or expensive, taking into account the needs of the case, the amount in controversy, limitations on the parties' resources, and the importance of the issues at stake in the litigation."

In his writ petition, Okada points to the district court judge's comment that the "[o]ne day rule hasn't applied in my court since it passed" and contends that the district court necessarily abused its discretion in permitting Wynn Resorts to take his deposition over the course of ten days. But because Okada acknowledges that more than one day will be "needed to fairly examine [him]," NRCP 30(d)(1), the district court's comment regarding NRCP 30(d)(1)'s presumptive one-day time frame has no bearing on whether the district court arbitrarily or capriciously exercised its discretion in denying Okada's motion for a

Supreme Court
OF
Nevada

(O) 1947A

14

protective order.[7] Moreover, the district court expressly stated that Okada could move to have the deposition shortened if it became apparent that the deposition questions were becoming duplicative or unduly burdensome, and Okada does not suggest that Wynn Resorts has already had an opportunity to obtain the information it is seeking from another source. Nor do the parties dispute that the amount in controversy is substantial and that the issues at stake are important. Thus, the district court's decision to permit a ten-day deposition, contingent on Okada being permitted to move to shorten it, aligns with the relevant general considerations under NRCP 26(b)(2).

In addition to NRCP 26(b)(2)'s general considerations, we note that the district court's decision is supported by other specific factors that justify deviating from NRCP 30(d)(1)'s presumptive one-day time frame, namely: (1) "the witness needs an interpreter," (2) "the examination will cover events occurring over a long period of time," (3) "the witness will be questioned about numerous or lengthy documents," and (4) "the need for each party [in a multiparty case] to examine the witness." 8A Wright & Miller, *supra*, § 2104.1 (quoting FRCP 30(d) advisory committee's note (2000)). Even Okada acknowledges that these factors would have justified a three-day deposition, and given the district court's familiarity with the parties, not only in this case but in the Books and Records case, we are unable to conclude that the district court arbitrarily or capriciously

---

[7]To be clear, however, the one-day rule does apply to all courts. Whether a court finds a basis to deviate from the rule is the issue.

exercised its discretion in rejecting Okada's three-day proposal and deciding that his deposition could last ten days. We therefore deny Okada's request for writ relief with respect to the duration of his deposition.

_____, C.J.
Hardesty

We concur:

_____, J.
Douglas

_____, J.
Saitta

_____, D.J.
Wilson

_____, J.
Cherry

_____, J.
Gibbons

_____, D.J.
Dobrescu