# IN THE SUPREME COURT OF THE STATE OF NEVADA

SPG ARTIST MEDIA, LLC, D/B/A
ARTIST PR; AND JOHN MAHONEY,
Appellants,
vs.
PRIMESITES, INC.,
Respondent.

No. 69078

FILED

FEB 28 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY _____
DEPUTY CLERK

## ORDER OF AFFIRMANCE

This is an appeal from a district court order denying a special motion to dismiss based on NRS 41.660 and NRS 41.637. Eighth Judicial District Court, Clark County; Jerry A. Wiese, Judge.[1]

This court reviews a district court's order denying a special motion to dismiss for an abuse of discretion. *Shapiro v. Welt*, 133 Nev., Adv. Op. 6, ___ P.3d ___, ___ (2017). As this court explained in *Shapiro*, "the term 'good faith' does not operate independently within the anti-SLAPP statute." Instead, the term "good faith" operates as part of the broader phrase defined by NRS 41.637. *Id.* To fit within the protections of Nevada's anti-SLAPP statutes, the "action [must be] brought against a person based upon a good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of

---

[1]Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.

public concern." NRS 41.660(1). NRS 41.637 enumerates four types of communications that fall under the definition of a "[g]ood faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern."

The communication at issue here was appellant John Mahoney's private conversation with a friend in which Mahoney referred his friend to an attorney. Appellants SPG Artist Media, LLC, and John Mahoney (collectively, SPG) argue that this speech was protected pursuant to NRS 41.637(1),[2] which defines a "[g]ood faith communication" as including a "[c]ommunication that is aimed at procuring any governmental or electoral action, result or outcome."

The parties disagree as to whether filing a lawsuit procures governmental action. The United States Supreme Court has definitively established that the right to petition government includes all forms of government, including the judicial branch. *See, e.g., Sure-Tan, Inc. v. Nat'l Labor Relations Bd.*, 467 U.S. 883, 896-897 (1984) ("[T]he right of access to courts for redress of wrongs is an aspect of the First Amendment right to petition the government."); *Cal. Motor Transp. Co. v. Trucking Unlimited*, 404 U.S. 508, 510 (1972) ("Certainly the right to petition extends to all departments of the Government. The right of access to the courts is indeed but one aspect of the right to petition."). Thus, we

---

[2]The district court did not determine under which definition of NRS 41.637 SPG's communication fell. We note that NRS 41.637(2)-(3) cannot apply, as those subsections deal with communications made directly to the government. Further, NRS 41.637(4) does not apply, because the communications here were between private individuals, and thus not "in a place open to the public or in a public forum."

reiterate that filing a lawsuit does procure government action. However, whether the communication at issue here should be afforded the protections of NRS 41.660 depends upon whether the form of communication was such that it would procure action from the judiciary.[3]

Unquestionably, there are very specific procedures required in order to invoke a court to take action. *See, e.g.,* NRCP 3 ("A civil action is commenced by filing a complaint with the court."); NRAP 3 (instructing on how to commence an appeal); NRAP 21 (instructing on how to petition for appellate writ relief). Merely referring a friend to an attorney cannot be viewed as a communication "aimed at procuring any governmental . . . action," because it is not a formal request to a court to take action. NRS 41.637(1). Nor does SPG's communication fall within any of the other definitions enumerated in NRS 41.637 for a "good faith communication in furtherance of the right to petition or the right to free speech in direct connection with an issue of public concern." Therefore, we conclude that SPG's communication is not protected by NRS 41.660, and we

---

[3]We note that while both parties address the applicability of the litigation privilege in their appellate briefs, neither party provides citation to the record indicating that this argument was raised in the district court. Every reference in the briefs to matters of record must be supported by a citation to the page of the record where the matter is found. *See* NRAP 28(e). Further, "[a] point not urged in the trial court, unless it goes to the jurisdiction of that court, is deemed to have been waived and will not be considered on appeal." *Old Aztec Mine, Inc. v. Brown*, 97 Nev. 49, 52, 623 P.2d 981, 983 (1981); *see also Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 172, 252 P.3d 676, 679 (2011).

ORDER the judgment of the district court AFFIRMED.[4]

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Stiglich

cc:    Hon. Jerry A. Wiese, District Judge
Thomas J. Tanksley, Settlement Judge
Stephens, Gourley & Bywater
Law Offices of Karl Andersen
Eighth District Court Clerk

---

[4]Because the parties fail to cogently argue or support their remaining claims with relevant authority or proper citations to the record, we decline to address the remaining issues raised on appeal. *See Edwards v. Emperor's Garden Rest.*, 122 Nev. 317, 330 n.38, 130 P.3d 1280, 1288 n.38 (2006); *see also* NRAP 28(e).