# IN THE SUPREME COURT OF THE STATE OF NEVADA

SHAUN MICHAEL HERZOG,
Appellant,
vs.
KELLIE HERZOG,
Respondent.

No. 73160

FILED

OCT 02 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER AFFIRMING IN PART, REVERSING IN PART AND REMANDING

This is an appeal from a district court decree of divorce. Second Judicial District Court, Family Court Division, Washoe County; Frances Doherty, Judge.

Appellant Shaun Michael Herzog appeals from a district court divorce decree which awarded past and ongoing child support to respondent Kellie Herzog, allowed his work tools to be sold to satisfy his child support obligation, and awarded Shaun limited visitation with his youngest child.[1] For child support, the district court ordered Shaun to pay $100 per month per child in retroactive support, backdating to when the parties separated, for a total of $4,400 in child support arrears. The district court also set Shaun's ongoing child support obligation at $100 per month per child, for a $200 total monthly obligation. Although Shaun raises numerous challenges to both of these awards on appeal, at the district court hearing he told the court he was "okay with" the $100 per child amount or whatever other amount the court deemed appropriate. Because Shaun did not challenge

---

[1]Shaun does not challenge the district court's custody award.

the award of child support in the district court we decline to address his challenges for the first time on appeal. *See Valley Health Sys., LLC v. Eighth Judicial Dist. Court*, 127 Nev. 167, 172, 252 P.3d 676, 679 (2011) (recognizing that arguments not raised in the district court are waived and will not be considered on appeal). We therefore affirm the district court's award of retroactive and ongoing child support.

Shaun next challenges the district court's decisions deeming his work tools community property and allowing them to be sold to satisfy, to the extent possible, the expenses Kellie incurred to store Shaun's personal belongings after the parties separated and his retroactive and ongoing child support obligations. We agree with Kellie that the district court did not abuse its discretion in this regard. Because the tools were purchased during the course of the marriage, they are community property and subject to an equal division upon divorce. *See* NRS 123.220 (defining community property); NRS 125.150(1)(b) (providing that, in granting a divorce, the court is required to make an equal disposition of the parties' community property). And, because there was no substantial evidence of other assets to satisfy Shaun's obligations under the divorce decree, the district court did not abuse its discretion in ordering the tools sold to satisfy those obligations. *See* NRS 125.150(5) (providing that a spouse's assets can be sold to satisfy the spouse's spousal and child support obligations); *see also Williams v. Waldman*, 108 Nev. 466, 471, 836 P.3d 614, 617 (1992) (recognizing that this court generally affirms a district court's rulings in divorce proceedings that are supported by substantial evidence and free from an abuse of discretion). We therefore affirm the district court's decisions regarding Shaun's work tools.



As to visitation, the district court's award only allowed Shaun, who is currently incarcerated, to send one letter per month to his younger child. The district court concluded such limited visitation was appropriate based on "the circumstances of this case, the repeated domestic violence [against Kellie and the parties' older child], [Shaun]'s incarceration and the impact thereof on the emotional stability and well-being of the minor child." In regard to increasing visitation, the court stated that, upon Shaun's release from prison, he could have supervised visitation with the minor child, and that that visitation could also be increased, as recommended by the child's therapist. The court noted, however, that Shaun could "seek other relief upon motion," based on changed circumstances and the child's best interests.

Shaun argues that the district court abused its discretion in limiting his visitation with the younger child to one letter per month because that decision was not tied to the district court's best interest findings, it harmed the parent-child relationship, and the decision lacked any connection to particularized findings such that Shaun did not know what circumstances needed to be changed in order to make the necessary showing to increase his visitation. Kellie responds that the decision was appropriate based on Shaun's past domestic abuse of Kellie and the parties' older child, both of which the younger child witnessed; Shaun's use of the older child to attempt to convey threatening messages to Kellie; and the impact Shaun's incarceration had on the younger child.

We conclude that the district court abused its discretion in awarding such limited visitation with the younger child based on the record before it. *See Davis v. Ewalefo*, 131 Nev. 445, 450, 352 P.3d 1139, 1142 (2015) (reviewing visitation decisions for an abuse of discretion); *see also*

NRS 125C.001(1) (declaring it Nevada public policy that children maintain "frequent associations and a continuing relationship" with a noncustodial parent following a divorce). While the district court found that Shaun had committed domestic violence, it also found that he had not committed such violence toward the younger child and that he and the younger child had a loving relationship, which Kellie testified to at trial. Furthermore, the only evidence supporting the district court's conclusion that Shaun's incarceration had an impact on the younger child was Kellie's testimony that it was her "impression" that the younger child's therapist thought it was not in the child's best interest to have visitation or contact with Shaun—the therapist could not testify due to illness and a letter submitted by the therapist was excluded from evidence.[2] This scant evidence does not support limiting Shaun's visitation to only one letter per month which, depending on the length of Shaun's incarceration, could virtually destroy his relationship with the younger child. It also does not support the district court's refusal to award telephonic visitation, which Shaun requested and Kellie did not oppose.[3]

---

[2]Despite excluding the letter from evidence, it appears that the district court's decision may have been influenced by it. The short letter stated that the younger child claimed to not want anything to do with Shaun and that, in the therapist's opinion, telephonic contact with Shaun would not be beneficial.

[3]We recognize that the district court may have been concerned with telephonic visitation due to Shaun's prior actions of sending text messages to the older child to try and relay threats to Kellie. To our knowledge, however, Shaun would not be able to send text messages while incarcerated and the district court has the option to require that any telephone calls with the younger child be supervised.

Based on the foregoing, we reverse the district court's visitation award and remand this issue back to the district court. Recognizing that circumstances may have changed while this case was on appeal, on remand the district court should conduct a new evidentiary hearing to determine the appropriate amount of visitation.[4] And, to the extent the district court's decision can be read to delegate decision-making of any change in visitation to the younger child's therapist, we agree with Shaun that such delegation is improper. *See Bautista v. Picone*, 134 Nev., Adv. Op. 44, 419 P.3d 157, 159-60 (2018) (holding that a district court's delegation of authority in custody and visitation cases "must be limited to nonsubstantive issues . . . and it cannot extend to modifying the underlying [visitation] arrangement").

It is so ORDERED.[5]

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

---

[4]Additional evidence put forth at the new hearing may include testimony from the younger child, whom the court concluded was too young to testify at the previous hearing.

[5]We have considered the parties' remaining arguments and conclude that they do not warrant any additional relief.

cc: Hon. Frances Doherty, District Judge, Family Court Division
Anne R. Traum
Christopher P. Burke
Washoe District Court Clerk

SUPREME COURT
OF
NEVADA

(O) 1947A

6